The opinion of the court was delivered by
McEnery, J.
John Bronson sold to his son-in-law, David Ker, a sugar plantation known as the Linden plantation, formerly situated in the parish of St. Mary, but now in the parish of Iberia.
A part of the act of sale is as follows:
*872 “ This sale is made and accepted for and in consideration of the price and sum of $61,190.24, paid, and to be paid, as follows:
“ The said David Ker, purchaser aforesaid, admits that he has received from the said vendor, John Bronson, for and on account of his wife, Elizabeth Bronson, and as her paraphernal property, and as advancements made to her by her father, the said vendor, and to be accounted for by her in settling the future estate of the said.John Bronson, the following sums, to-wit:
“ On the 24th of February, 1851, $8500, being part of an amount specified in a receipt given by the said David Ker, and dated on the said 24th of February, 1851, for the sum of $5000, the balance of said sum being for a library of books valued at $1500, and said library having been returned to said Bronson, the sum of $5000 specified in said receipt is therefore reduced to the said sum of $3500.
“ Five hundred and fifty dollars and fifty cents, received in different sums between the first day of July, A. D. 1851, and the 8th day of October, A. D. 1851.
“Twenty-seven thousand seven hundred and fifty dollars is deducted from the price of the property herein conveyed to him, and the said Ker hereby acknowledges to have received the said last amount in the price of the property herein conveyed, and for and on account of his said wife, Elizabeth Bronson, the same being her paraphernal property, and although the said three sums make the aggregate sum of $31,809.50, received by him for and on account of his said wife, the whole as her paraphernal property, yet it is well understood and agreed that the amount advanced to his said wife by her father, and to be hereafter accounted for by her in the settlement of his future estate, is limited to the sum of $30,000, the difference between said two sums being occasioned by the interest which had accrued on the last of said sums, in the hands of the said Bronson from the day of the said David Ker’s marriage, to wit: October 10, 1850, until paid as aforesaid.
“ For the balance of said purchase money, to-wit: $33,440.24, the said purchaser has this day executed his five promissory notes, for the sum of $6688.04 each, due and payable severally March 1, A. D. 1854, 1855, 1856, 1857 and 1858. * * *
“ To secure the payment of said notes and interest, as aforesaid, it is agreed that the property herein conveyed is to remain specially *873 mortgaged unto the said vendor until the full and final payment of said notes.”
A part of the price ($27,750) was donated by the vendor, Bronson, to his daughter, Mrs. Ker, the wife of the vendee. The husband Ker received and acknowledged the receipt of this amount as the paraphernal property of his wife. This acknowledgment was recited in the deed and recorded with it, and operated as legal mortgage upon all the real property of Ker.
For various sums of money, received from Bronson at different times, Ker executed mortgages to secure the same on the Linden plantation.
On December 5, 1857., the indebtedness to Bronson amounted to $88,870.67. To secure this indebtedness, which was aggregated from the previous sums due and secured by mortgage from Bronson to Ker, the latter, on the 5th day of December, 1857, in an act which recited the various transactions between the parties (Bronson and Ker), executed a mortgage in favor of Bronson for said amount.
The act refers to the sale of July 1, 1852, and states that the mortgage therein stipulated was designed to secure to him, Bronson, the sum of $33,440.24, and to his daughter, the wife of Ker, the sum of $31,809.50, as a part of her paraphernal rights and property. It is evident that the paraphernal rights of Mrs. Ker were unaffected by the mortgage, as they had previously existed, and they could not be made to date and take rank and become concurrent with other mortgage rights asserted in the act.
But, as between Bronson and Ker, the new mortgage superseded the former mortgage. The new mortgage was an entire substitution for the former mortgages between them existing on the Linden plantation. In the year 1865, Bronson died, and by his will bequeathed the said mortgage of $88,870.67, secured on the Linden plantation by said act of mortgage of 5th December, 1857, to Mrs. Elizabeth Bronson, wife of David Ker, in trust for all of her children, except G. Bronson Ker, and directed his executors to transfer said act of mortgage to her. This was done by the executor.
Mrs. Ker sued her husband for separation of property and the settlement of her several paraphernal claims. There was a judgment in her favor, which was executed.
A fi. fa. issued, the Linden plantation was sold under her judgment, and purchased by her for the sum of $11,265, considerably *874 less than the amount of her legal mortgage. This plantation was mortgaged hy Mrs. Ker, after it had been adjudicated to her. The mortgage was foreclosed and the property sold. Wm. H. Willis purchased the plantation and sold the. same to O. W. Willis, who sold it and afterward repurchased it.
The plantation was finally sold to H. & O. Newman, who are now in the possession of the same, and defendants in this suit.
‘ ‘ This suit is brought by the children and heirs of David Ker, to ¿ave recognized and made executory a certain mortgage and vendor’s privilege upon the Linden plantation in Iberia parish, now in the possession of H. & O. Newman,” and they ask that the adjudication of the Linden plantation to their mother, Mrs. Ker, and the-subsequent sales of said property be declared null and void, and that said property be brought back and restored to the succession of' David Ker.
Among, the exceptions filed was that of no cause of action by defendants. This was the first, and sustained by the court. From this judgment in favor of defendants plaintiffs have appealed.
The right of defendants to recover depends upon what rank is to-be given to the mortgage under which they claim. This is evidently the mortgage of the 6th December, 1857, which was bequeathed to them. There are no rights, mortgages or privileges prior to this mortgage under which they claim. They were all merged in this act, and date from its creation — 5th December, 1857.
Does this mortgage prime the legal mortgages of the wife existing prior to this date ? Mrs. Ker’s legal mortgage was stipulated in the act of sale from Bronson to Ker and recorded. It was. a legal mortgage from that date, and therefore primed the special mortgage of the plaintiffs on the Linden plantation, as this was the only immovable property owned by David Ker.
There is no complaint of the regularity of the proceedings in the suit of Mrs. Ker vs. her husband. The judgment was a valid one, and executed on the property of David Ker which was adjudicated toiler. The proceeds of the sale did not bring a sufficient sum to extinguish her legal mortgage on the Linden plantation, and she retained the price in her hands.
Mrs. Ker’s legal mortgage for several years out-dated the special mortgage of defendants’ of December 5, 1857. It rested alone and *875 exclusively on the Linden plantation, as there was no other property of said David Ker upon which it could rest.
Judgment affirmed.
Breaux, J., recuses himself.